## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TRAVIS SHAWN DUNN                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA THROUGH              NO.21-00371-BAJ-SDJ
THE DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS, ET AL.

### RULING AND ORDER

Before the Court is a **Partial Motion to Dismiss Pursuant to Rule 12(b)(6)**

**for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 5)** filed

by Defendants the State of Louisiana through the Department of Public Safety and

Corrections and Warden Darrel Vannoy in his official capacity as Warden of Angola

Prison. The Motion is opposed. (Doc. 6). For the reasons stated herein, the Motion is

**GRANTED.**

I.  **FACTS**

This is a prisoner civil rights action.  Plaintiff raises claims under 42 U.S.C §§

1981, 1983, and 1988, alleging that Defendants' actions and/or inactions violated

rights afforded to him under the Eighth and Fourteenth Amendments and state law

claims of negligence. (Doc. 1, ¶5).

Plaintiff alleges that on May 17, 2020, he was located in Ward #2, Cell #1 of

the Angola Prison Treatment Center. Inmate Derrick Williams was also present in

the vicinity providing janitorial services on the ward. (Doc. 1-2, ¶¶3, 6-7).  Master

Sergeant McDowell then unlocked Cell #1 while Plaintiff was using the bathroom and

1

instructed Inmate Williams to "not hurt him bad." (Doc. 1-2, ¶8). Inmate Williams proceeded to enter Plaintiff's cell and beat him with a mop handle. (Doc. 1-2, ¶¶9, 14). MSgt. McDowell ended the altercation and allegedly apologized to Plaintiff informing him "that wasn't supposed to go like that." (Doc. 1-2, ¶10).   Thereafter, MSgt. McDowell, Nurse Jane Doe and Nurse Jean Doe aided in covering up the incident. (Doc. 1-2, ¶¶11-12).

## II.    PROCEDURAL HISTORY

On May 24, 2021, Plaintiff filed suit in the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana.  (Doc. 1, ¶1). Plaintiff then amended his petition. (Doc. 1, ¶2).

On June 28, 2021, Defendants removed the matter to this Court. (Doc. 1, ¶10). The State of Louisiana and Warden Darrel Vannoy now seek partial dismissal of Plaintiff's claims against them for failure to state a claim upon which relief can be granted. (Doc. 5, at 1).

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## IV.    ANALYSIS

Defendants argue that Plaintiff's Section 1983 claims for money damages against them must be dismissed because they are not "persons" against whom these types of claims can be brought. (Doc. 5, p.7). Plaintiff asserts that "Defendants [have] voluntarily consented and waived [this] immunity from suit by affirmatively invoking and submitting to the jurisdiction of this [Court]." (Doc. 6, p. 4).

The United States Court of Appeals for the Fifth Circuit noted that removal of private suits by the state on federal law claims constitutes a valid waiver of the state's sovereign immunity. *Meyers ex rel Benzing v. Texas*, 410 F.3d 236, 248 (5th Cir. 2005). In fact, the Fifth Circuit extended this rule to claims brough under 42 U.S.C. § 1983. *Spooner v. Jackson*, 251 F.App'x 919, 924 (5th Cir. 2007) (finding the State of Louisiana and the Department of Public Safety and Corrections waived sovereign immunity under the Eleventh Amendment by removing the case, which brought

claims under 42 U.S.C. § 1983, to federal court); see also *Lapides v. Bd. of Regents*, 535 U.S. 613, 619, 122 S. Ct. 1640, 1644 (2002) ("where a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment"). Thus, the Court finds that by removing this case, Defendants have waived their sovereign immunity regarding Plaintiff's official capacity § 1983 claims.

However, this is not the end of the inquiry. Defendants may still show that they are immune from liability on these claims. The Fifth Circuit has recognized that a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately – immunity from suit and immunity from liability. *Meyer ex rel. Benzing*, 410 F.3d at 252-53. The United States Constitution permits a state's right to relinquish its immunity from suit while retaining its immunity from liability or vice versa. *Meyer ex rel. Benzing*, 410 F.3d at 252-53. "Section 1983 provides a private right of action for damages to individuals who are deprived of 'any rights, privileges, or immunities' protected by the Constitution or federal law by any 'person' acting under the color of state law." *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (*quoting* 42 U.S.C. § 1983).

The Supreme Court of the United States has held that a state is not a "person" against whom a §1983 claim for money damages can be asserted. *Parker v. Louisiana Department of Public Safety and Corrections*, No. CV 18-1030-JWD-EWD, 2020 WL 4353564, at *8 (M.D. La. July 29, 2020). "This rule extends to 'arms of the state,' and

to a *state's 'officials acting in their official capacities.'" Parker v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 18-1030-JWD-EWD, 2020 WL 4353564, at *8 (M.D. La. July 29, 2020) (citation omitted) (emphasis added); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

Here, Defendants cannot be sued under Section 1983. As noted above, the State of Louisiana through the Department of Public Safety and Corrections by law is not a "person" who can be sued under Section 1983. This also applies by extension to Warden Darrell Vannoy in his official capacity as Warden of Angola Prison. Thus, Plaintiff's § 1983 claims are barred against Defendants in their official capacity, as they are not considered "persons" within the meaning of 42 U.S.C. §1983.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss for Failure to state a Claim (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants, the State of Louisiana through the Department of Public Safety and Corrections and Warden Darrel Vannoy, in his official capacity, be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FUTHTER ORDERED** that the Court declines to exercise supplemental jurisdiction over all state law claims asserted against the State of Louisiana through the Department of Public Safety and Corrections and Warden Darrel Vannoy, in his official capacity, in this action.

Baton Rouge, Louisiana, this ___24th___ day of March, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**