## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TRAVIS SHAWN DUNN

**CIVIL ACTION**

**VERSUS**

**NO. 21-00371-BAJ-SDJ**

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS, ET AL.

## RULING AND ORDER

Before the Court is a **Rule 12(b)(5) Motion to Dismiss (Doc. 19)** filed by
Defendant Master Sergeant Gwendolyn McDowell. The Motion is opposed. (Doc. 20).
For the reasons stated herein, the Motion is **GRANTED.**

## I.    FACTS

This is a prisoner civil rights action. Plaintiff raises claims under 42 U.S.C §§
1981, 1983, and 1988, alleging that McDowell's actions and/or inactions violated
rights afforded to him under the Eighth and Fourteenth Amendments and state law
claims of negligence. (*See* Doc. 1-2, ¶¶ 27–29). Notably, Plaintiff is represented by
Counsel.[1]

Plaintiff alleges that on May 17, 2020, he was located in Ward #2, Cell #1 of
the Angola Prison Treatment Center. Inmate Derrick Williams was also present in
the vicinity providing janitorial services on the ward. (*See* Doc. 1-2, ¶¶ 3, 6–7).
McDowell then unlocked Cell #1 while Plaintiff was using the bathroom and

---

[1] If Plaintiff had proceeded *pro se,* the Court's analysis of good cause under Rule 4(m) may
have concluded differently.

1

instructed Inmate Williams to "not hurt him bad." (*See* Doc. 1-2, ¶ 8). Inmate Williams entered Plaintiff's cell and beat him with a mop handle. (*See* Doc. 1-2, ¶¶ 9, 14). McDowell ended the altercation and allegedly apologized to Plaintiff informing him "that wasn't supposed to go like that." (*See* Doc. 1-2, ¶ 10). Thereafter, McDowell, Nurse Jane Doe, and Nurse Jean Doe aided in covering up the incident. (*See* Doc. 1-2, ¶¶ 11–12).

## II.   PROCEDURAL HISTORY

On May 24, 2021, Plaintiff filed suit in the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana, naming as Defendants the State of Louisiana, Through the Department of Public Safety & Corrections, Warden Darrel Vannoy, McDowell, Nurse Jane Doe, Nurse Jean Doe, and ABC Insurance Company. (*See* Doc. 1, ¶ 1). Plaintiff then amended his Petition. (*See* Doc. 1, ¶ 2).

On June 1, 2021, Plaintiff served Warden Vannoy. (*See* Doc. 1, ¶ 3). Plaintiff also attempted to serve McDowell at the Louisiana State Penitentiary, but McDowell no longer worked there, and service was not perfected on her. (*See* Doc. 1, ¶ 4). On June 4, 2021, Plaintiff served the State of Louisiana. (*See* Doc. 1, ¶ 2). Plaintiff did not request service on Jane Doe, Jean Doe, or ABC Insurance Company. (*See* Doc. 1, ¶ 4).

On June 28, 2021, the State of Louisiana and Warden Vannoy removed the matter to this Court. (*See* Doc. 1, ¶ 10). On July 20, 2021, the State of Louisiana and Warden Vannoy filed a Rule 12(b)(6) motion to dismiss, which the Court granted on March 24, 2022, dismissing all of Plaintiff's claims as to them only. (Docs. 5, 15).

On September 16, 2021, Plaintiff obtained Initial Disclosures that indicated

McDowell resided at 2480 Whiteapple Road, Roxie, MS, 39661. Thereafter, on September 29, 2021, Plaintiff had a summons issued by the Court for the purpose of effecting service upon McDowell at the Mississippi address. (*See* Doc. 20 at p. 2). However, service remained unperfected.

On October 4, 2021, Plaintiff retained a private process server from the office of Bombet Cashio & Associates, a Louisiana-based company, to effect service. (*See* Doc. 23-1 at p. 3). However, despite numerous attempts, service on McDowell was unsuccessful. (*See* Doc. 23-1 at p. 4). Additional attempts to serve McDowell were made on March 17, 2022 and March 22, 2022, but such efforts were unsuccessful. (*See* Doc. 20 at p. 2–3).

Eventually, on March 24, 2022, Plaintiff contacted Tiger Investigations & Process Services LLC, a Mississippi-based private process service company, to effect service. *See id.* On March 25, 2022, 10 months after Plaintiff filed his Petition, service was effected by Dennis White upon Angela Washington, McDowell's 45-year-old daughter, at the Mississippi addressed provided in Defendants' Initial Disclosures. (*See* Doc. 23 at p. 2). Proof of service was filed into the Court record on March 28, 2022. (Doc. 16).

Now, McDowell moves for dismissal of Plaintiff's claims against her for insufficient service of process. (Doc. 19). She asserts that Plaintiff failed to timely and properly serve her pursuant to Federal Rules of Civil Procedure 4(m) and 4(e). (*See* Doc. 19-1 at p. 1). Plaintiff does not deny that service was ultimately untimely. (*See* Doc. 20 at p. 6). However, he argues that he "acted in good faith to secure service of

3

McDowell, [and], for reasons outside of [his] control, service was unable to be perfected until March 22, 2022." *See id.* As to McDowell's Rule 4(e) assertion, Plaintiff maintains that his service on her "fully complie[d] with the unambiguous language of Fed. R. Civ. Proc. 4(e)(2)(B)." (*See* Doc. 20 at p. 5).

## III. LEGAL STANDARD

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. The district court has broad discretion in determining whether to dismiss an action for ineffective service of process." *Trimble v. Strength*, No. 20-355, 2022 U.S. Dist. LEXIS 39693 (M.D. La. Jan. 25, 2022) (internal citations omitted). "[W]hen the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed." *See Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344–45 (5th Cir. 2007) (*citing Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)).

## IV. ANALYSIS

### A. Good Cause Does Not Exist

The Parties do not dispute that service was untimely. (*See* Doc. 19 at p. 1; Doc. 20 at p. 6). Accordingly, McDowell's motion turns on whether "good cause" exists to excuse Plaintiff's untimely service. *See* Fed. R. Civ. P. Rule 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). "Good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par*

4

*Pharm. Cos.,* 289 Fed.Appx. 688, 692 (5th Cir. 2008) (per curiam) (citing *Lambert v. United States,* 44 F.3d 296, 299 (5th Cir. 1995)). The U.S. Court of Appeals for the Fifth Circuit has held that "what amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996). However, courts normally require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *See Gartin,* 289 Fed.Appx. at 692.

Here, the facts do not support a finding of good cause. Plaintiff argues that his numerous attempts to effectuate service and the substantial funds he has expended in the process are evidence of good faith. (*See* Doc. 20 at p. 6). He attributes his noncompliance with Rule 4(m)'s requirements to factors outside of his control—namely, the inability of Bombet Cashio & Associates to serve McDowell. *See id.* While it is true that service was effectuated soon after Plaintiff retained a different service processor, Plaintiff was dilatory in making the change. After months passed and McDowell remained unserved, Plaintiff's continued reliance on Bombet Cashio & Associates became unreasonable.

Plaintiff also failed to account for the long gaps in time between service attempts. Although Plaintiff tried multiple times to effectuate service, these gaps illustrate a lack of diligence on Plaintiff's part to ensure that McDowell was timely served. This factor weighs against a finding of good cause. *See Thrasher v. City of Amarillo,* 709 F.3d 509, 513 (5th Cir. 2013) (citing prolonged periods of inactivity as partial basis for granting the motion to dismiss for insufficient service). Plaintiff's

failure to seek an extension of the service deadline further belies a finding of good cause. *See Thomas v. Quality Inn Westbank*, 01-379 (La. App. 5 Cir. 11/27/01), 802 So. 2d 930, 932–33 (citing Plaintiff's failure to seek an extension of time to effectuate service as partial basis for dismissal). Taken together, this "particular set of circumstances" merits dismissal of Plaintiff's action.

### B. The Applicable Statute of Limitations Does Not Bar Future Litigation

"If the Court dismisses an action for untimely service 'but the applicable statute of limitations probably bars further litigation,' the Court must determine whether the dismissal is warranted under the same standard 'used when reviewing a dismissal with prejudice.'" *Yiru v. WorldVentures Holdings, LLC*, No. 3:17-CV-2155-S, 2020 WL 572872 (N.D. Tex. Feb. 4, 2020) (*citing Boazmam v. Econ. Lab.*, Inc., 537 F.2d 210, 213 (5th Cir. 1976)). Here, the parties dispute whether the applicable statute of limitations bars further litigation.

"Section 1983 does not contain a statute of limitations, so the law of the forum court applies and prescribe[s] a one-year period." *Cruz v. Louisiana ex rel. Dep't of Pub. Safety & Corr.*, 528 F.3d 375, 378 (5th Cir. 2008). Plaintiff's state law negligence claims are also subject to a one-year prescriptive period. *See Shannon v. Vannoy*, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So. 3d 442, 448. Plaintiff's cause of action accrued in May 2020. (*See* Doc. 1-2 at p. 2). Thus, unless the prescriptive period was interrupted while this suit was pending, future litigation would be barred.

La. Civ. Code Art. ("Article") 3462 provides that prescription is interrupted when the owner of a legal right commences a legal action in a court of competent

jurisdiction and venue. However, McDowell argues that interruption did not occur and cites to Article 3463 and *Hawkins v. McHugh* to support her argument. (*See* Doc. 24 at p. 2) (*citing* 46 F.3d 10 (5th Cir. 1995)). Under Article 3463, "interruption is considered never to have occurred if the plaintiff abandons the suit." And in *Hawkins*, the Fifth Circuit held that dismissal for failure to serve under Rule 4(j), Rule 4(m)'s predecessor, constitutes abandonment under Article 3463. *See* 46 F.3d at 13. Taken together, Article 3463 and *Hawkins* would prevent Plaintiff from refiling his suit.

However, where, as here, the Defendant in a suit is the state, a state agency, a political subdivision, or any officer or employee thereof, the prescriptive rules of La. R.S. § 13:5107(D) apply. *See Cruz*, 528 F.3d at 381 ("Louisiana courts have held that § 13:5107D is mandatory."). La. R.S. 13:5107(D)(1) provides:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be *requested* within ninety days of the commencement of the action... If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, *notwithstanding insufficient or erroneous service*." (emphasis added).

Plaintiff asserts that La. R.S. § 13:5107(D) does not apply because McDowell was no longer a state employee when this suit was filed. (*See* Doc. 23 at p. 5). However, Plaintiff fails to cite caselaw to support this assertion. Alternatively, Plaintiff argues that "to the extent the categorization applies at the time the underlying claim arose...[McDowell] is being sued in her individual capacity and this statutory categorization should only apply to those individuals being sued in their official capacity." *See id.*

7

Pursuant to La. R.S. 13:5101(B), La. R.S. 13:5107(D) applies to "any suit in contract or for injury to person or property against...an officer or employee of the state or a state agency *arising out of the discharge of his official duties or within the course and scope of his employment*." (emphasis added). Here, Plaintiff has alleged that McDowell was working in the scope of her employment and acting under the color of state law during the alleged incident. (*See* Doc. 1-2 at p. 2). Because neither the text of La. R.S. 13:5107(D) nor the caselaw interpreting it requires McDowell be a current state employee or to be sued in her official capacity, the Court concludes that La. R.S. 13:5107(D) applies.

When interpreting La. R.S. 13:5107(D)(1), the Louisiana Supreme Court has instructed that "service of citation should be deemed 'requested' when the clerk receives service instructions from the plaintiff." *Tranchant v. State,* 2008-0978 (La. 1/21/09), 5 So. 3d 832, 836. "The [Court of Appeal of Louisiana,] First Circuit has elaborated that service of citation 'is not considered requested until the clerk receives a request for service and payment of the required fees or an order granting pauper status.'" *Spillman v. Parker*, 54,532 (La. App. 2 Cir. 5/25/22), 339 So. 3d 1268, 1275 (*citing Methvien v. Our Lady of the Lake*, 2020-1081 (La. App. 1 Cir. 4/16/21), 318 So. 3d 329, 332).

The record is clear that Plaintiff duly requested and paid for the Clerk of Court of the 20th Judicial District Court to effect service on McDowell within 90 days of filing suit. (*See* Doc. 1-2 at p. 29). The clerk was clearly unable to effect service, but Plaintiff's request for service upon the McDowell is still considered timely

8

"notwithstanding insufficient or erroneous service." La. R.S. 13:5107(D)(1). Thus, because Plaintiff complied with the requirements of La. R.S. 13:5107(D), the prescriptive period was interrupted by the filing of this action, and future litigation will not be barred.

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant McDowell's Rule 12(b)(5) Motion to Dismiss (Doc. 19) is **GRANTED**.

Judgment dismissing Plaintiff's claims shall issue separately.

Baton Rouge, Louisiana, this ___8th___ day of March, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**